19th January, 1811.
Nott, J.,
declared the opinion of himself, Grimace, and Brevard, Justices, in favor of a new trial, on the. ground that Couch wab inte,rested in proving the forgery, and, therefore, was not an admissible witness. Suppose there had been no other evidence;, of the forgery, and the bill of sale and receipt Were genuine ; and by this testimony the negro should be restored to Durke, or sold ageing and the money paid to him. Would not Couch’s interest palpably and directly appear 1 Whether these writings be true or false, ought not, therefore, to depend on his testimony. This is a case within the reason and spirit of the rule. The interest is as certain, and direct, as in the case of an indictment for forgery. The temptation to perjury is equal. It seems probable that the prisoners are, guilty, but the verdict being in part founded on illegal evidence, ought to be set aside. There is nothing in the other objection. In the commission of larceny, a party may commit swindling. If two crimes are committed by the same act, or series of acts, the malefactor ought to be prosecuted for the greater crinfie, which includes the less.
Bay, and Smith, Justices.', dissented, as to the first point, in relation to Couch’s testimony. They were of opinion lhathis interest was not sufficient to exclude him from giving evidence of the forgery ; especially, as Hope, one of the defendants,'.had, before the trial, declared on oath that Brown, another of the defendants, committed the forgery. The evidence was, at any rate, good against Hope. Hope, had disavowed the purchase. Brown did not claim under the bill of sale, nor Cashman. The evidence of the forgery went to prove an unlawful combination, to obtain fraudulent possession of the negro, not to defeat the bill of sale, "¿fee.